UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEON SHINE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   2:17-cr-00090-DBH-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  (Motion, ECF No. 100.)  The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired.  (Response, ECF No. 106.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In June 2017, Petitioner was indicted for possessing firearms and ammunition after having been previously convicted of a crime punishable by more than one year in prison in violation of 18 U.S.C. § 922(g)(1) and § 924(a).  (Indictment, ECF No. 28.)  Petitioner pled guilty to the firearms charge in November 2017.  (Change of Plea Hearing, ECF No. 57.)

In May 2018, the Court sentenced Petitioner to seventy-eight months in prison, to be followed by three years of supervised release.  (Judgment, ECF No. 90.)  Petitioner did

not file an appeal. Petitioner filed his § 2255 motion in May 2020 and an amended petition in July 2020. (Motion, ECF No. 100; Amended Petition, ECF No. 103.)

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

### A.     Ineffective Assistance Claim

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's ineffective assistance of counsel claim concerning sentencing issues does not rely on a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims. Because

paragraphs (2), (3), and (4) do not apply to the ineffective assistance claim, therefore, the limitations period began to run when Petitioner's judgment of conviction became final.

The Court entered Petitioner's judgment of conviction on May 30, 2018. (Judgment, ECF No. 90.)  Because Petitioner did not appeal, the judgment became final after his fourteen-day period for filing an appeal expired on June 13, 2018.  See Fed. R. App. P. 4(b)(1)(A); *Martinez-Serrano v. United States*, No. CIV. 11-1077 JAF, 2012 WL 6016663, at *1 (D.P.R. Nov. 30, 2012) ("Neither the Supreme Court nor the First Circuit, to our knowledge, has decided when an unappealed federal criminal conviction becomes 'final' for the purposes of § 2255(f)(1).  All of the circuit courts that have answered this question, to our knowledge, have held that such a conviction becomes final when the time for filing an appeal expires").  The limitation period for filing a section 2255 motion to challenge the judgment expired one year later, on June 14, 2019.  *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("'When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)).  Petitioner filed his motion on May 14, 2020, eleven months after the limitations period expired.

Because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply,[1] dismissal of the ineffective assistance claim is warranted.

---

[1] "[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted).  "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st

**B.     *Rehaif* Claim**

On June 21, 2019, the United States Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  Under the statute underlying Petitioner's conviction, 18 U.S.C. § 922(g), it is unlawful for certain persons, including individuals with prior felony convictions, *id.* § 922(g)(1), to possess a firearm or ammunition.  The statute contains three elements: (1) a status element (belonging to one of the listed categories of persons), (2) a possession element, and (3) a jurisdictional element (in or affecting commerce).  *Rehaif*, 139 S. Ct. at 2196.   Before 2019, courts interpreted "knowingly" in the penalty provision (§ 924(a)(2)) to apply only to the possession element, but under *Rehaif*, "knowingly" also applies to the status element. *Id.*  "To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.  Because a guilty plea is not intelligently made when the defendant did not receive "real notice of the true nature of the charges," if Petitioner could demonstrate that he, counsel, and the Court misunderstood the essential elements of a crime, his plea could be susceptible to a constitutional challenge. *See Bousley v. United States*, 523 U.S. 614, 618 (1998).

To pursue postconviction relief based on *Rehaif*, Petitioner was required to assert the claim within the one-year statute of limitations period, which began to run on "the date on which the right asserted was initially recognized by the Supreme Court . . . ." 28 U.S.C.

---

Cir. 2007) (discussing illustrative cases).  "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).  Petitioner does not allege any circumstances warranting equitable tolling.

§ 2255(f)(3). Because *Rehaif* was decided on June 21, 2019, the period in which Petitioner could assert a *Rehaif* claim ended on June 21, 2020.[2]

Unlike ordinary civil cases, the filing date for § 2255 petitions is not determined by the date on which the Court receives the document; the filing date is governed by the prison mailbox rule:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. §1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) of the Rules Governing Section 2255 Proceedings.

Petitioner purportedly signed his original petition on May 3, 2020, (Petition at 13), the envelope was postmarked May 7, 2020, (Envelope, ECF No. 100-1,), and the Court received and docketed the filing on May 14, 2020. Although Petitioner filed the original motion within one year of the Supreme Court's decision in *Rehaif*, Petitioner did not mention or reference *Rehaif* or defects with his guilty plea in the original petition. Petitioner only raised the previously discussed ineffective assistance claim related to alleged sentencing errors concerning his guideline calculations and criminal history score. Petitioner first raised his *Rehaif* claim in his amended petition.

Petitioner purportedly signed his amended petition on May 26, 2020, (Amended Petition at 19), the envelope was postmarked July 6, 2020, (Envelope, ECF No. 103-1),

---

[2] As discussed above, Petitioner has not alleged any circumstances justifying equitable tolling of the limitations period.

and the Court received and docketed the document on July 15, 2020. The record evidence establishes that Petitioner did not file the amendment on or before June 21, 2020, when the limitations period for *Rehaif* claims expired.

Because Petitioner did not file the amended motion within a year of the decision in *Rehaif*, Petitioner's *Rehaif* claim would be timely only to the extent it relates back, pursuant to Fed. R. Civ. P. 15(c), to the guideline sentencing issue raised in the original section 2255 motion that Petitioner filed before June 21, 2020.[3] *See Turner v. United States*, 699 F.3d 578, 585 (1st Cir. 2012) (noting "[t]he relation back provision in habeas petitions is strictly construed," and "amended habeas corpus claims generally must arise from the same core facts, and not depend upon events which are separate both in time and type from the events upon which the original claims depended") (internal quotations omitted). The ineffective assistance claim was based on counsel's performance regarding a criminal history sentencing issue. The *Rehaif* claim relates to whether the Government could establish Petitioner's guilt. Petitioner's *Rehaif* claim, therefore, does not relate back to the original filing. Accordingly, the *Rehaif* claim is untimely and dismissal is warranted.

Even if Petitioner could establish a filing date within the limitations period, Petitioner's *Rehaif* claim would fail on the merits. As this Court has explained in several recent cases, *Rehaif* is retroactively applicable to first § 2255 petitions, and although

---

[3] Fed. R. Civ. P. 15(c) states in relevant part: "An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out−or attempted to be set out−in the original pleading." Rule 15 "governs amendments to habeas petitions in a § 2255 proceeding." *United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005).

Petitioner procedurally defaulted the issue by failing to file an appeal on the issue, there is cause to excuse the procedural default because the argument was not reasonably available to his attorney given the longstanding and uniform precedent foreclosing the knowledge-of-status argument in the years before the Supreme Court's decision in *Rehaif*. *Brake v. United States*, No. 2:13-CR-00160-GZS, 2021 WL 388439, at *3–4 (D. Me. Feb. 3, 2021); *MacArthur v. United States*, No. 1:12-CR-00084-JAW, 2020 WL 1670369, at *8–9 (D. Me. Apr. 3, 2020), report and recommendation adopted, No. 1:12-CR-00084-JAW, 2020 WL 7079134 (D. Me. Dec. 3, 2020).  With Petitioner's multiple felony convictions and lack of explanation as to how he could have been unaware of his felon status, Petitioner has not established a reasonable likelihood that he would have proceeded to trial instead of pleading guilty had he been aware of the knowledge-of-status element during the plea phase.  Petitioner, therefore, has not shown that he was prejudiced as a result of any *Rehaif* issue and is not entitled to relief.  *See Brake*, 2021 WL 388439 at *10; *Macarthur v. United States*, No. 1:12-CR-00084-JAW, 2020 WL 7079134, at *11 (D. Me. Dec. 3, 2020).

## Conclusion

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of February, 2021.